T.C. Summary Opinion 2005-64


UNITED STATES TAX COURT


CHARLES LEVINE PRESTON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4582-04S.              Filed May 24, 2005,


Charles Levine Preston, pro se.

Willard N. Timm, Jr., for respondent.


COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency of $4,678 in petitioner's Federal income tax for the year 1998, a section 6651(a)(1) addition to tax of $2,074.32, and a section 6654(a) addition to tax of $212.32.  At trial, respondent reduced the deficiency to $1,381 and the additions to tax to $268 and $47, respectively. Petitioner does not dispute the deficiency.  The issues for decision are whether the statute of limitations under section 6501 bars respondent from assessing petitioner's 1998 liabilities, and, if respondent is not barred, whether petitioner is liable for the additions to tax.

Some of the facts were stipulated.  Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioner's legal residence at the time the petition was filed was Riverdale, Georgia.

Petitioner did not file his 1998 Federal tax return until November 19, 2003.  He had not previously requested an extension of time to file, nor had he made any estimated payments toward his 1998 tax liability.  Respondent recorded the receipt of petitioner's 1998 Federal tax return on December 22, 2003;[2] however, respondent had, on December 17, 2003, already issued a notice of deficiency based on a substitute for return filed on September 5, 2003, by respondent.  The substitute for return

---

[2]The stipulation of facts states that petitioner filed his 1998 tax return on Nov. 19, 2003, and the tax return was entered into the IRS database on Dec. 22, 2003.

allowed no deductions or exemptions; therefore, the notice of deficiency reflected a much larger tax liability than that agreed to by respondent at trial. When petitioner met with the Appeals officer, the Appeals officer accepted the computations petitioner listed on his late-filed return and reduced the deficiency to the above amount.

Petitioner has worked as a firefighter for 18 years. Since at least 1998, he has been employed as such by the city of College Park, Georgia. Petitioner reported wages of $27,543 from the city on his late-filed 1998 Federal income tax return; however, petitioner did not include income of $7,869 from a qualified pension plan, the International City Management Association Retirement Corp Trust (ICMA Retirement Trust), early distribution. In 1998, petitioner withdrew $7,869 from the ICMA Retirement Trust for payment of medical expenses for his wife in excess of those covered by his health insurance.[3] Petitioner did not include the distribution from the ICMA Retirement Trust as income on his tax return.

Petitioner bears the burden of proving he is not liable for the deficiency.[4] At trial, petitioner did not challenge the

---

[3]Respondent conceded that petitioner is not liable for the sec. 72(t) additional tax for early withdrawal on this distribution.

[4]Generally, the determinations of the Commissioner in a notice of deficiency are presumed correct, and this presumption
(continued...)

determination that the early ICMA Retirement Trust distribution was income.  Petitioner referred to a number of Internal Revenue Code sections and legal conclusions during his testimony, but his primary contention is that respondent is barred by the statute of limitations on assessment for his 1998 tax year.

Generally, the Commissioner is allowed 3 years after a return is filed to issue a notice of deficiency.  Sec. 6501. Petitioner contends that because respondent issued the notice of deficiency in 2003, the 3-year period of limitations bars assessment and collection against him.  The Court disagrees with this argument.  The filing of petitioner's Federal income tax return is the event that commences the 3-year period of limitations.  Sec. 6501(a).  Petitioner filed his 1998 Federal income tax return on November 19, 2003.  Respondent issued the notice of deficiency to petitioner for the 1998 tax year on December 17, 2003.[5]   That is well within the period of

_____

[4](...continued)
places the burden on the taxpayer to show that the determinations are incorrect.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Sec. 7491(a), under certain circumstances, alters the burden of proof with respect to a taxpayer's liability for taxes in court proceedings arising in connection with examinations commencing after July 22, 1998.  Although this examination commenced after July 22, 1998, the issue does not fall within the scope of sec. 7491(a).  Petitioner, therefore, bears the burden of proof.

[5]The fact that respondent based his notice of deficiency on a substitute for return that was filed on Sept. 5, 2003, is immaterial.  Had petitioner never filed his 1998 Federal tax
(continued...)

limitations; therefore, respondent is not barred from assessment and collection of the tax against petitioner. In the absence of a challenge to the determined deficiency, petitioner is, therefore, liable for the tax of $1,381.

Respondent determined a section 6651(a)(1) addition to tax against petitioner.[6] A taxpayer is subject to an addition to tax for failure to file a timely return unless he can establish that such failure "is due to reasonable cause and not due to willful neglect". Sec. 6651(a)(1). Willful neglect is defined as "a conscious, intentional failure, or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985). Petitioner was required to file a timely Federal income tax return for 1998. See sec. 6012.

Petitioner filed his 1998 Federal income tax return almost 5 years late. When asked at trial why he did not file timely, petitioner responded: "I made an error. Let's put it that way * * * I did not get the paperwork to * * * [the tax preparer] on time, and I, during that part of, during that year, some things were going on and I just made a mistake. It was my fault it

_____

[5](...continued)
return, the 3-year period of limitations would not have commenced, and the notice of deficiency could have been issued at any time. Sec. 6501(c)(3).

[6]Respondent has met his burden of production with respect to the addition to tax, and petitioner has the burden of proving that he is not liable for the addition. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

didn't get turned in."  Although petitioner may have had numerous concerns or problems, simply neglecting or forgetting to file his Federal tax return does not amount to "reasonable cause".  See sec. 6651(a)(1); United States v. Boyle, supra at 246. Respondent is, therefore, sustained on this issue.

Respondent also determined a section 6654 addition to tax against petitioner.  A taxpayer is subject to this addition to tax "in the case of any underpayment of estimated tax by an individual".  Sec. 6654.  Subject to certain statutory exceptions, the addition to tax is automatically applied if the amounts of withholding and estimated tax payments do not equal statutorily designated amounts.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

The statute, however, provides an exception to this automatic imposition where the preceding taxable year was 12 months, the taxpayer did not have any liability for tax for such year, and the taxpayer was a citizen or resident of the United States throughout the preceding taxable year.  Sec. 6654(e)(2). Petitioner is a U.S. citizen and had no income tax liability for the 1997 taxable year.  Petitioner's liability for the 1998 taxable year was not due to insufficient withholdings by his employers, as respondent alleges, but due solely to the tax due on a one-time early withdrawal from his retirement fund. Petitioner falls within the stated exception in section

6654(e)(2) and is, therefore, not liable for the section 6654 addition to tax.

The Court has considered all other arguments advanced by the parties, and, to the extent such arguments have not been specifically addressed, the Court concludes they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

> <u>Decision will be entered for respondent for the deficiency and the section 6651(a)(1) addition to tax and for petitioner for the section 6654(a) addition to tax.</u>